UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GEORGE STEVENSON, | Case No. 1:25-cv-1658 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Reuben J. Sheperd |
| S. USA LIFE INSURANCE COMPANY, INC., | |
| Defendant. | |

## OPINION AND ORDER

Plaintiff George Stevenson sued S. USA Life Insurance Company, Inc. in State court for declaratory relief. Defendant removed the case, and Plaintiff moved to remand. For the following reasons, the Court **DENIES** the motion to remand.

## BACKGROUND

Mr. Stevenson is the named beneficiary under a life insurance policy (Policy No. S920573777) issued by S. USA on the life of Robert Murowsky. (ECF No. 1, ¶ 1, PageID #6.) The policy was issued in the face amount of $250,000. (ECF No. 1, ¶ 2, PageID #6.) Mr. Murowsky died, and Mr. Steveson filed a claim for the proceeds of the policy. (ECF No. 1, ¶ 3, PageID #6.)

In a letter regarding the review of Mr. Stevenson's claim, S. USA represented that "[t]he records we have received show that significant medical information was not revealed at the time of the application." (ECF No. 1, PageID #9.) Mr. Murowsky's medical records from the Cleveland Clinic show a 25-year smoking history of smoking

one pack per day.  (*Id.*)  Later in the letter, S. USA represented that this history predated the application for the insurance policy and was not disclosed in the application or telephone interview, the application and interview questions "which would have shown this history were answered in the negative," and had this history been indicated, "no coverage would have been issued" to Mr. Murowsky.  (*Id.*)  As a result, S. USA denied the claim and rescinded the policy.  (*Id.*; ECF No. 1, ¶ 4, PageID #6.)  S. USA enclosed a check for $1,372.45, which included a full refund of the premium plus 1% contractual interest on the premium from the date of the policy.  (ECF No. 1, ¶ 5, PageID #6; ECF No. 1, PageID #9.)

Plaintiff sued S. USA in State court for declaratory relief seeking to determine whether the insurance policy is valid and enforceable, whether Defendant is obligated to pay the proceeds of the policy to Plaintiff, and whether Mr. Murowsky made any material misrepresentations during the application process.  (ECF No. 1, ¶ 9, PageID #7.)  Defendant removed the case.  (ECF No. 1.)  Plaintiff moved to remand, arguing that the Court should decline to entertain jurisdiction over this declaratory-judgment action under the Declaratory Judgment Act.  (ECF No. 5.)

## ANALYSIS

Federal courts have limited jurisdiction, possessing only the power that the Constitution and Congress authorize.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  A defendant may remove a case to federal court only if it could have been filed there in the first place.  *Strong v. Teletronics Pacing Sys., Inc.*, 78 F.3d 256, 256 (6th Cir. 1996).  As the party invoking federal jurisdiction, a

defendant seeking to remove the case bears the burden of establishing that the Court would have had original jurisdiction if the plaintiff filed suit in federal court in the first instance. *See, e.g.*, *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Courts strictly construe the removal statute and resolve all doubts in favor of remand. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006).

In general, "[f]ederal courts have original jurisdiction over two types of cases: cases that involve a federal question . . . and cases in which there is complete diversity of citizenship between the parties and the amount in controversy requirement is satisfied." *Nessel ex rel. Mich. v. AmeriGas Partners, L.P.*, 954 F.3d 831, 834 (6th Cir. 2020) (citing 28 U.S.C. §§ 1331, 1332(a)). Here, Defendant invokes diversity jurisdiction as the basis for removal.

## I. Federal Jurisdiction

The parties do not dispute the Court's diversity jurisdiction over this action. Instead, Plaintiff's seeks remand arguing that the Court should decline to exercise its jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. Regardless, the Court has an independent obligation to examine its own jurisdiction. *Mercurio v. American Express Centurion Bank*, 363 F. Supp. 2d 936, 938 (N.D. Ohio 2005).

### I.A. Diversity Jurisdiction

Section 1332 provides federal jurisdiction over a dispute between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[F]or diversity jurisdiction to be proper under § 1332, no plaintiff and no defendant can be the citizen of the same state." *Tennial v. Bank of America*, No. 17-6377, 2020

WL 2530872, at *1 (6th Cir. Apr. 15, 2020). A corporation has the citizenship of its state of incorporation and its principal place of business. *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 956 (6th Cir. 2017).

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). "Where a party seeks a declaratory judgment, the amount in controversy is not necessarily the money judgment sought or recovered, but rather the value of the consequences which may result from the litigation." *Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 253 (6th Cir. 2011) (quotation omitted). Emphasizing the "in controversy" of the text in the jurisdictional statute, "the value of the consequences which may result from the litigation . . . is the difference between" what plaintiff will receive if he prevails and what plaintiff will receive if he loses. *Id.*, at 253–54.

Plaintiff is domiciled in Ohio. (ECF No. 1, ¶ 1, PageID #6; ECF No. 1, ¶ 2, PageID #1.) Accordingly, he is a citizen of Ohio. Defendant is incorporated in Arizona and its principal place of business is in Virginia. (ECF No. 1, ¶ 2, PageID #1.) Accordingly, Defendant is a citizen of both Arizona and Virginia. Because Plaintiff and Defendant are not citizens of the same state, complete diversity exists. As for the amount in controversy, the object of the litigation is Mr. Murowsky's life insurance policy. (ECF No. 1, ¶ 9, PageID #7.) The proceeds of the policy were $250,000. (ECF No. 1, ¶ 2, PageID #6.) If Plaintiff prevails, he will receive a declaration that Defendant is obligated to pay him the death benefit of $250,000.

4

(ECF No. 1, ¶ 9, PageID #7.) If Plaintiff loses, he will receive a declaration that Defendant is not obligated to pay the death benefit. (*Id.*) The value of the consequences which may result from the litigation is the difference between $250,000 and $1,372.45, the refund of the premiums plus interest. Accordingly, the amount in controversy exceeds the jurisdictional threshold. Therefore, the Court is satisfied that it has diversity jurisdiction over this action.

## II. Motion to Remand

Plaintiff asks the Court to remand the action because this declaratory judgment action involves complex and unsettled issues of Ohio insurance law that are better addressed by a State court. (ECF No. 5.) Defendant argues that there is no parallel State proceeding, no novel legal issue, and no procedural fencing. It asks the Court to retain jurisdiction. (ECF No. 6.)

### II.A. The Declaratory Judgment Act

The Declaratory Judgment Act grants federal courts discretion over whether to exercise jurisdiction over a claim for declaratory relief, even where the claim otherwise satisfies jurisdictional requirements. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *Brillhart*, 316 U.S. at 495. To determine whether to exercise jurisdiction over a declaratory action, courts consider the following five factors:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata; (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (quotation omitted).

When considering the fourth factor, courts also look to the following three sub-factors:

> (1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 560 (6th Cir. 2008) (citing *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 814–15 (6th Cir. 2004)).

### II.B. Application of the *Grand Trunk* Factors

Underlying each factor are "considerations of efficiency, fairness, and federalism." *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 396 (6th Cir. 2019) (quoting *Western World Ins. Co. v. Hoey*, 773 F.3d 755, 759 (6th Cir. 2014)). The Sixth Circuit has not indicated "the relative weights of the factors[,] but notes that '[t]he relative weight of the underlying considerations . . . will depend on the facts of the case.'" *Id.*

#### II.B.1. Settling the Controversy

Courts consider "whether the district court's judgment would settle the controversy." *Flowers*, 513 F.3d at 554. "The first factor requires the Court to consider whether the dispute at issue is an 'independent dispute' or if there is a parallel state action." *Equity Planning*, No. 20-cv-1204, 2020 WL 5909806, at *7 (N.D. Ohio Oct. 6, 2020) (quoting *Clifford v. Church Mut. Ins. Co.*, No. 2:13-cv-853,

6

2014 WL 4805473, at *2 (S.D. Ohio Sept. 26, 2014)). If a federal case is independent from a state court action, the federal case will settle the dispute. *Clifford*, 2014 WL 4805473, at *2.

Plaintiff argues that the first factor is neutral, and Defendant argues that the first factor weighs in favor of federal jurisdiction. Plaintiff argues that judgment will not necessarily settle the entire controversy because even after a declaration favoring coverage, the issue of damages will remain. (ECF No. 5, PageID #27.) However, Plaintiff admits that a declaration of no coverage would settle the entire controversy. (*Id.*) Defendant argues that there is no pending parallel State court case and that "a declaratory judgment in this case would fully resolve the dispute between these parties." (ECF No. 6, PageID #45–46.)

There is no evidence before the Court that any parallel claim in a State court involves the same parties or the policy at issue here. *See United Specialty*, 936 F.3d at 397–98 (district court did not err in finding that the first factor favored federal jurisdiction where the plaintiff and defendant were the only parties litigating the insurance coverage issue and where the plaintiff failed to identify any parallel state proceedings); *Equity Planning*, 2020 WL 5909806, at *9 (finding that the first *Grand Trunk* factor weighed in favor of jurisdiction where there were no pending parallel state actions) (citation omitted). Accordingly, the first *Grand Trunk* factor weighs in favor of exercising federal jurisdiction.

### II.B.2. Clarifying the Legal Relations at Issue

"The second factor to consider is whether the district court's judgment would clarify the legal relations at issue." *Flowers*, 513 F.3d at 556. The inquiries required

by the first two *Grand Trunk* factors "overlap substantially." *United Specialty*, 936 F.3d at 397. "[I]t is almost always the case that if a declaratory judgment will settle the controversy, . . . it will clarify the legal relations in issue." *Id.* (quotation omitted).

Plaintiff argues that the second factor is neutral, and Defendant argues that the second factor weighs in favor of federal jurisdiction. Defendant argues that the action will clarify the legal relationships at issue because there is no parallel State court action and because a declaratory judgment will settle the controversy. (ECF No. 6, PageID #46.) Plaintiff agrees that "[t]his Court could adjudicate the coverage issue" but argues that a declaration by this Court "would be no more useful" than a declaration by a State court. (ECF No. 5, PageID #27.) But "[t]he second *Grand Trunk* factor does not compare state and federal court adjudication." *Clifford*, 2014 WL 4805473, at *3. Rather, the second factor asks whether the declaratory judgment that Plaintiff seeks will clarify the legal relations at issue and assist the Court in adjudicating Plaintiff's other claims, if any. *Id.*

The insurance policy either requires Defendant to pay the death benefit to Plaintiff as its beneficiary, or it does not. Mr. Murowsky either made a material misrepresentation during the application process, or he did not. Those determinations will clarify the rights and obligations of each party under the policy and, therefore, the legal relations at issue. Accordingly, the second *Grand Trunk* factor weighs in favor of exercising federal jurisdiction.

### II.B.3. Procedural Concerns and Res Judicata

"The third factor to consider is whether the use of the declaratory judgment action is motivated by 'procedural fencing' or likely to create a race for *res judicata*."

8

*Flowers*, 513 F.3d at 558. The inquiry focuses on whether the declaratory plaintiff has filed first to attempt to secure a judgment in its preferred forum. *United Specialty*, 936 F.3d at 399. Without evidence of procedural fencing, this factor is often considered neutral. *Id.*

Plaintiff and Defendant argue that the third factor is neutral. Plaintiff argues that "this factor does not come into play" because Plaintiff is the natural plaintiff as beneficiary and filed this action. (ECF No. 5, PageID #27.) Defendant argues that the third factor is "irrelevant" because Plaintiff is the insured and filed this action. (ECF No. 6, PageID #46.)

No concerns exist over procedural fencing or res judicata. Plaintiff filed for declaratory judgment in his chosen forum in State court. Defendant's removal to federal court does not amount to an act of procedural fencing and does not present concerns of res judicata. Accordingly, the third *Grand Trunk* factor is neutral.

### II.B.4. Improper Encroachment on State Jurisdiction

The fourth *Grand Trunk* factor asks "whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction." *Grand Trunk*, 746 F.2d at 326. This factor considers whether the case involves "novel or complicated state-law or factual issues." *United Specialty*, 936 F.3d at 400.

The Sixth Circuit has divided this factor into three sub-factors:

(1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between underlying factual and legal

9

issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Flowers*, 513 F.3d at 560 (citing *Bituminous*, 373 F.3d at 814–15).

Plaintiff argues that the fourth factor favors remand, and Defendant argues that the fourth factor favors federal jurisdiction. Plaintiff argues that this action involves "several unresolved/complex issues of Ohio insurance law." (ECF No. 5, PageID #29.) Defendant argues that the relevant Ohio law is settled and that the issues "fall squarely within the type of questions federal courts regularly decide when interpreting insurance contracts under state law." (ECF No. 6, PageID #48–49.)

### II.B.4.a. Resolution of Underlying Factual Issues

"The first of these sub-factors focuses on whether the state court's resolution of the factual issues in the case is necessary for the district court's resolution of the declaratory judgment action." *Flowers*, 513 F.3d at 560. Here, there are no underlying factual issues pending resolution in a parallel State lawsuit that would prevent this Court from resolving the questions of material misrepresentation or death benefit that are presented in Plaintiff's declaratory relief claim. Accordingly, the first sub-factor weighs in favor of exercising federal jurisdiction.

### II.B.4.b. Which Court Is Better Suited for the Case

"The second sub-factor focuses on which court, federal or state, is in a better position to resolve the issues in the declaratory action." *Flowers*, 513 F.3d at 560. This sub-factor addresses whether the issues involve novel or complicated questions of State law. Generally, the presumption is that State courts are better positioned to decide questions of State law. *Id.* However, where State law is clear and there are

10

"no unresolved factual issues relevant to the coverage question," this presumption carries less weight." *United Specialty*, 936 F.3d at 401. Because there is no parallel State court proceeding that will impact this Court's determination of any material misrepresentation, obligation to pay the death benefit, or voidability, "there is no risk that resolution of factual or legal issues by a state court will impact this Court's judgment or vice versa," with regard to policy coverage. *Equity Planning*, 2020 WL 5909806, at *9 (quoting *Parker Hannifin Corp. v. Standard Motor Prods.*, No. 1:19-cv-00617, 2019 WL 5425242, at *33 (N.D. Ohio Oct. 23, 2019)).

The factual circumstances surrounding Plaintiff's claim are not unprecedented, and applying Ohio law to an insurance policy is not either. *Id.* at *28. As Defendant notes, Plaintiff relies on three Ohio cases to argue that construing the relevant State law has yielded "conflicting opinions" from Ohio's Eighth District Court of Appeals and that the district court would have to apply undecided State law issues. (ECF No. 5, PageID #28.) But Plaintiff mistakes different holdings for conflicting holdings. The Ohio Supreme Court has "explained the difference between a warranty and a representation when an insured is applying for insurance" and "established a two-pronged test for determining whether a misstatement qualifies as a warranty." *Goodman v. Medmarc Ins.*, 2012-Ohio-4061, 977 N.E.2d 128, ¶¶ 16–17 (Ohio Ct. App.) (citing *Allstate Ins. Co. v. Boggs*, 27 Ohio St.2d 216, 218–219, 271 N.E.2d 855 (1971)). As with any test, using the same analysis employs the same methodology, but does not guarantee identical conclusions. While the Eighth District has consistently applied the *Boggs* two-prong test, whether a misstatement qualifies

as a warranty turns on the facts of each case. *Id.* (collecting cases from the Eighth District that applied the *Boggs* test but reached different conclusions about whether the statements were representations or warranties, turning on the language in the particular policy or application at issue).

Defendant argues that these cases on which Plaintiff relies "collectively establish that Ohio law is settled regarding insurance policy misrepresentations, the distinction between warranties and representations, and the standard for voiding the policy." (ECF No. 6, PageID #48.) The Court agrees. Because both State and federal courts regularly analyze and apply Ohio's settled insurance law, retaining jurisdiction over this action would not increase friction. Accordingly, the second sub-factor weighs in favor of exercising federal jurisdiction.

### II.B.4.c. Nexus, Public Policy, and Federal Law

"The final sub-factor focuses on whether the issue in the federal action implicates important state policies and is, thus, more appropriately considered in state court." *Flowers*, 513 F.3d at 561. "[E]ven in cases where state law has not been difficult to apply, [the Sixth Circuit] has usually found that the interpretation of insurance contracts is closely entwined with state public policy." *United Specialty*, 936 F.3d at 401. This case involves the interpretation of Mr. Murowsky's insurance policy with Defendant. Accordingly, the third sub-factor weighs against exercising federal jurisdiction.

\*   \*   \*

The first sub-factor weighs in favor of federal jurisdiction, the second weighs in favor, and the third weighs against it. Considering the three sub-factors together,

the fourth *Grand Trunk* factor weighs in favor of exercising federal jurisdiction overall.

### II.B.5. More Effective Alternative Remedy Exists

"The fifth factor asks 'whether there is an alternative remedy which is better or more effective' than federal declaratory relief." *United Specialty*, 936 F.3d at 401 (quoting *Grand Trunk*, 746 F.2d at 326). Defendant argues that the fifth factor is neutral because "there is no evidence that a [S]tate forum would offer any advantage" resolving the issues. (ECF No. 6, PageID #50.) Plaintiff argues that the fifth factor weighs against federal jurisdiction because there has been no suggestion that the State court "is incapable" of deciding the issues. (ECF No. 5, PageID #30.) But this factor does not ask whether federal declaratory relief, to the exclusion of all other remedies, is effective; it asks whether an alternative remedy is "better or more" effective. The Court is hard pressed to find an alternative remedy which is better or more effective than federal declaratory relief. Accordingly, the fifth and final *Grand Trunk* factor weighs in favor of federal jurisdiction.

\* \* \*

Taking all five *Grand Trunk* factors together, the first, second, fourth, and fifth factors weigh in favor of jurisdiction while the third is neutral. On balance, the *Grand Trunk* factors weigh in favor of the Court retaining and exercising jurisdiction. Therefore, based on consideration of the *Grand Trunk* factors, the Court declines to exercise its discretion to remand Plaintiff's action.

13

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand. (ECF No. 5.)

**SO ORDERED.**

Dated: October 31, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio